IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DALIA L. P.,

                Plaintiff,

    v.                                         Civil Action No.
                                                    5:22-CV-0522 (GTS/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

APPEARANCES:                                   OF COUNSEL:

FOR PLAINTIFF

OLINKSY LAW GROUP                      JULIE ATKINS, ESQ.
250 South Clinton Street, Suite 210    HOWARD D. OLINSKY, ESQ.
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.              CANDACE BROWN CASEY, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff has commenced this proceeding, pursuant to 42 U.S.C. §

405(g), to challenge a determination of the Commissioner of Social Security ("Commissioner") finding that she was not disabled at the relevant times and, accordingly, is ineligible for the disability insurance benefits ("DIB") for which she has applied. The matter has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. For the reasons set forth below, I recommend a finding that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence.

I.     BACKGROUND

Plaintiff was born in October of 1974, and is currently forty-eight years of age. She was forty-five years old on March 19, 2020, the date upon which she allegedly became disabled. Plaintiff measures five feet and one inch in height, and weighed approximately one hundred and fifty pounds during the relevant period. Plaintiff resides in a house with her adult daughter in Mattydale, New York.

Plaintiff reports that she has a high school education and completed some college credits, but did not receive a degree. She has worked in the relevant past primarily as a teacher's assistant working with disabled students.

Plaintiff alleges that she suffers from pain in her neck that radiates into her head and hands, lower back pain that radiates into her legs, high blood pressure, carpal tunnel syndrome, arthritis, headaches, and depression. As is relevant to her application for benefits, she treated for her physical impairments throughout the relevant period with New York Spine and Wellness, St. Joseph's Hospital Health Center, Upstate Orthopedics, and Sports Physical Therapy. She also received treatment for depression from Psychological HealthCare, PLLC.

At the administrative hearing related to her application for benefits, plaintiff reported that she experiences pain over her entire body, and that she has been told that her pain is caused by fibromyalgia as well as her various spinal and other impairments. Her physician has advised her that she should do moderate exercise for her fibromyalgia pain, but has to be careful about how much she does because activity causes more pain and swelling. Plaintiff additionally experiences headaches that she believes are related to her neck pain, and stated that they sometimes last for multiple days in a row, although she also has weeks without any headaches. Plaintiff has undergone multiple therapeutic injections, and, although they helped reduce her pain, they did not completely relieve it. She testified that she has difficulty sleeping due to pain and has to rely on her daughter to do

the cooking, cleaning, laundry, and in-person shopping. Plaintiff reports that she can perform self-care and hygiene tasks, attend her doctor's appointments, and pick up groceries or other things from the store if she orders them online and has them delivered to her car. She also states that she has difficulty using her hands for anything because of pain.

II.     PROCEDURAL HISTORY

    A.     Proceedings Before the Agency

Plaintiff applied for DIB payments under Title II of the Social Security Act on June 26, 2020, alleging disability due to bulging discs in her neck with pinched nerves, lower back issues, pinched nerves in her leg, nerve pain in her feet, arthritis, carpal tunnel syndrome, high blood pressure, and headaches. Administrative Law Judge ("ALJ") Kenneth Theurer held an administrative hearing on June 16, 2021, to address plaintiff's application, following which he issued a decision on July 23, 2021, finding that plaintiff was not disabled. That opinion became a final determination of the agency on March 18, 2022, when the Social Security Appeals Council ("Appeals Council") denied plaintiff's request for review of the decision.

    B.     The ALJ's Decision

In his decision, ALJ Theurer applied the familiar, five-step sequential test for determining disability. At step one, he found that plaintiff did not

engage in substantial gainful activity during the relevant period.  ALJ Theurer next found at step two that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work functions, including degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, hypertension, and migraines.  As part of his step two finding, ALJ Theurer also found that plaintiff's alleged adjustment disorder and depressive disorder do not constitute severe impairments, and that her alleged carpal tunnel syndrome and fibromyalgia do not constitute medically determinable impairments.

At step three, ALJ Theurer examined the governing regulations of the Commissioner setting forth presumptively disabling conditions (the "Listings"), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, and concluded that plaintiff's conditions do not meet or medically equal any of the listed conditions set forth in those regulations, specifically considering Listing 1.15.

ALJ Theurer next surveyed the available record evidence and determined that plaintiff retains the residual functional capacity ("RFC") to perform a range of work at the light exertional level, as defined by the controlling regulations, with the following exceptions:

> she can never climb ladders/ropes/scaffolds; and she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs. The claimant can perform no more than frequent reaching, handling, fingering and feeling bilaterally.

ALJ Theurer went on to step four and concluded that plaintiff is unable to perform her past relevant work as a childcare attendant. Proceeding to step five, the ALJ elicited testimony from a vocational expert and, relying on that testimony, found that plaintiff remains able to perform available work in the national economy, citing as representative positions the jobs of folding machine operator, spooling machine operator, and housekeeping cleaner. Based upon these findings, ALJ Theurer determined that plaintiff was not disabled at the relevant times.

C. This Action

Plaintiff commenced this action on May 19, 2022.[1] In support of her challenge to the ALJ's determination, plaintiff argues that the ALJ erred by failing to include in the RFC finding any limitations related to her migraines, despite finding that condition to be a severe impairment. Dkt. No. 10.

Oral argument was conducted in this matter, by telephone, on April

---

[1] This action is timely, and the Commissioner does not argue otherwise. It has been treated in accordance with the procedures set forth in the recently enacted Supplemental Social Security Rules and General Order No. 18. Under those provisions, the court treats the action procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

27, 2023, at which time decision was reserved.

III.  DISCUSSION

    A.  Scope of Review

A court's review under 42 U.S.C. § 405(g) and 1383(c)(3) of a final decision by the Commissioner is subject to a "very deferential" standard of review, and is limited to analyzing whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Where there is reasonable doubt as to whether an ALJ has applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision will withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact. *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 390, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *accord, Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). To be substantial, there must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401 (internal quotation marks omitted); *Williams*, 859 F.3d at 258. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis on the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *Mongeur v. Hechler*, 722 F.2d 1033, 1038 (2d Cir. 1983)).

    B.    <u>Disability Determination: The Five-Step Evaluation Process</u>

The Social Security Act ("Act") defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §

8

423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The agency has prescribed a five-step evaluative process to be employed in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The first step requires a determination of whether the claimant is engaged in substantial gainful activity ("SGA"); if so, then the claimant is not disabled, and the inquiry need proceed no further. *Id.* §§ 404.1520(b), 416.920(b). If the claimant has not worked at a level constituting SGA, then the second step involves an examination of whether the claimant has a severe impairment or combination of impairments that significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id.* §§ 404.1520(d), 416.920(d); *see also id.* Part 404, Subpt. P, App. 1. If so,

then the claimant is "presumptively disabled." *Martone v. Apfel*, 70 F. Supp. 2d 145, 149 (N.D.N.Y. 1999) (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If it is determined that it does, then as a final matter, at step five the agency must examine whether the claimant can do any other work. *Id.* §§ 404.1520(g), 416.920(g).

The burden of showing that the claimant cannot perform past work lies with the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Ferraris*, 728 F.2d at 584. Once that burden has been satisfied, however, it becomes incumbent on the agency to prove that the claimant is capable of performing other available work. *Perez*, 77 F.3d at 46. In deciding whether that burden has been met, the ALJ should consider the claimant's RFC, age, education, past work experience, and transferability of skills. *Ferraris*, 728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

C.  Analysis

Plaintiff argues that the ALJ's RFC finding is unsupported by substantial evidence because he failed to properly account for any

limitation related to plaintiff's migraine headaches despite finding that condition to be a severe impairment at step two. Dkt. No. 10, at 9-14. Specifically, plaintiff contends that the ALJ's finding that her headache impairment is severe represents a determination that the impairment causes more than a minimal limitation on her ability to perform basic work activities, and therefore the ALJ should have included additional limitations specific to migraine headaches in his RFC determination, such as unscheduled work breaks, time off-task, unscheduled absences, and a need to be in a dark room. *Id.*

  Plaintiff's argument is unavailing. While it is true that the ALJ found plaintiff's migraine headaches to be a severe impairment, there is no evidence to substantiate any of the additional limitations that plaintiff now asserts are warranted. The bare fact that plaintiff sometimes experiences headaches does not inevitably lead to the conclusion that it would affect her work performance beyond the ways in which the ALJ already accounted for in his RFC finding, in the absence of evidence substantiating the need for additional limitations. *See Lisa T. v. Comm'r of Soc. Sec.*, 21-CV-0469, 2023 WL 203363, at *6 (W.D.N.Y. Jan. 17, 2023) (rejecting plaintiff's argument that the ALJ erred by failing to include off-task restrictions related to migraine headaches because the evidence did not

support such limitations, the ALJ properly resolved conflicts in the record, and his finding was supported by substantial evidence); *Lugo v. Comm'r of Soc. Sec.*, 16-CV-0746, 2017 WL 4005621, at *12 (N.D.N.Y. Sept. 11, 2017) (Suddaby, C.J.) (finding no error in the ALJ's choice not to include limitations related to headaches because they were based solely on plaintiff's self-reports, which the ALJ found to be unsupported by the other evidence in the record).

In his decision, the ALJ found that plaintiff's migraine headaches constitute severe impairments, explaining that plaintiff reported to the consultative examiner that her headaches occur daily and that she takes over-the-counter medication to treat them. Administrative Transcript ("AT") at 16.[2] The ALJ also acknowledged plaintiff's testimony at the administrative hearing that her headaches can last for several days at a time. AT 19. He nonetheless found, however, that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical and other evidence in the record. AT 19. The ALJ then

---

[2] The administrative transcript is found at Dkt. No. 9, and will be referred to throughout this decision as "AT ___."

12

discussed certain relevant medical evidence related to plaintiff's cervical spine and, specifically, her migraine headaches.  AT 19-20.  The ALJ noted that plaintiff reported to the consultative examiner that her headaches improved with over-the-counter medication, that nerve blocks for her cervical spine issues also help with her headaches, and that records from 2020 note no problems related to headaches.  AT 20.  The ALJ further relied on the opinions of the various nonexamining state agency physicians and consultative examiners, all of whom considered the fact that plaintiff experiences migraines, but none of whom recommended any additional limitations.  AT 19-21.

    The only evidence that plaintiff cites in support of her argument comes in the form of statements from the medical treatment record to the effect that she continued to experience chronic neck pain despite undergoing multiple injections, and her reports at the hearing that she continues to experience headaches related to her neck pain that sometimes last three or four days.  Dkt. No. 10, at 10-11.  Although plaintiff experiences headaches, even for multiple days at a time, there is simply no evidence to suggest that those headaches are of a severity that would require off-task time, breaks, absences, or a need to avoid light.  Of note, the record does not appear to contain even subjective reports by plaintiff

13

that her migraine headaches cause any specific limitations or are of a severity that it affects her ability to perform tasks. As the ALJ highlighted in his decision, there were multiple treatment instances related to her cervical spine issues referencing plaintiff's denial of problems with headaches. *See, e.g.*, AT 820, 836. To the extent that she did report experiencing headaches to her providers, she did not provide any information regarding the nature or extent of those headaches beyond noting that they are associated with her neck pain, did not receive any specific treatment for her headaches beyond the treatment of her neck pain, and did not display any signs that headaches impose greater restrictions beyond the restrictions included to accommodate her cervical spine impairment. Moreover, there is no opinion in the record that suggests plaintiff requires any of the additional limitations that she now asserts are warranted. Simply put, the ALJ was reasonable in finding that no greater limitations were warranted because the treatment record and the opinion evidence fail to document any such additional limitations, and plaintiff failed to carry her burden of establishing the need for those limitations.

As to plaintiff's subjective reports, plaintiff reported in a headache questionnaire submitted to the agency that she experiences three-to-five headaches per week, which are helped by deep tissue massage, cortisone

shots, nerve blocks, and Excedrin, although the Excedrin causes her to experience an upset stomach.  AT 241.  She indicated that pain in her neck triggers her headaches, particularly with lifting and carrying, and that it starts at approximately a four-out-of-ten and will escalate to a seven if she does not stop what she is doing.  *Id.*  She further reported that the spinal injections help to make her headaches milder in nature.  *Id.*  As was discussed above, the ALJ found that plaintiff's subjective reports were not wholly consistent with the other evidence in the record, particularly the medical evidence that showed very little evidence of the presence of ongoing headaches of the frequency or severity that plaintiff otherwise reported in her representations to the agency.  "The ALJ's assessment of an individual's 'subjective complaints' regarding her pain and other symptoms is entitled to substantial deference by a reviewing court."  *See Madelyn S. v. Comm'r of Soc. Sec.*, 20-CV-1478, 2022 WL 526233, at *7 (N.D.N.Y. Jan. 27, 2022) (Baxter, M.J.).  Plaintiff has not challenged that finding, and I find no basis for overturning it based on my assessment of the record, which, as was already discussed above, revealed little specific documentation that plaintiff's headaches were ongoing or pervasive on any consistent basis.

      Because the record does not support plaintiff's argument that greater

limitations related to her headaches were warranted, and because the ALJ explained his consideration of plaintiff's headaches and relied on opinion evidence in a manner that plaintiff has not challenged, I recommend a finding that the ALJ's decision is supported by substantial evidence and remand is not warranted.

IV.     SUMMARY AND RECOMMENDATION

After considering the record as a whole and the issues raised by the plaintiff in support of her challenge to the Commissioner's determination, I recommend a finding that the determination resulted from the application of proper legal principles and is supported by substantial evidence. Accordingly, it is hereby respectfully

RECOMMENDED that the Commissioner's decision be AFFIRMED, defendant's motion for judgment on the pleadings (Dkt. No. 12) be GRANTED, plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be DENIED, and plaintiff's complaint be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   May 3, 2023
         Syracuse, NY

_____
DAVID E. PEEBLES
U.S. Magistrate Judge