UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DALIA L. P.,

                            Plaintiff,                    5:22-CV-00522
                                               (GTS/DEP)
v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

OLINKSY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff                 JULIE ATKINS, ESQ.
205 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION      CANDACE BROWN CASEY, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II
  Counsel for Defendant
6401 Security Boulevard
Baltimore, MD 21235

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

        Currently before the Court, in this action filed by Dalia P. ("Plaintiff") against the

Commissioner of Social Security ("Commissioner" or "Defendant") pursuant to 42 U.S.C. §

405(g) seeking Social Security Disability Insurance benefits, are (1) the Report-

Recommendation of United States Magistrate Judge David E. Peebles recommending that

Defendant's decision be affirmed and that Plaintiff's Complaint be dismissed, and (2) Plaintiff's

Objections to the Report-Recommendation.  (Dkt. Nos. 16, 17, 18.)  For the reasons set forth

below, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted.

## I.    RELEVANT BACKGROUND

### A.    Magistrate Judge Peebles's Report-Recommendation

1.    Generally, in his Report-Recommendation, Magistrate Judge Peebles rendered the following two findings of fact and conclusions of law.  (Dkt. No. 16.)  First, Magistrate Judge Peebles found and concluded that, although it is true that the Administrative Law Judge ("ALJ") found Plaintiff's migraine headaches to be a severe impairment, there is no evidence substantiating the need for any of the additional limitations that Plaintiff now asserts are warranted (such as unscheduled work breaks, time off-task, unscheduled absences, and a need to be in a dark room).  (*Id*. at 10-16.)  In so doing, Magistrate Judge Peebles relied on, *inter alia*, *Lugo v. Comm'r of Soc. Sec.,* 16-CV-0746, 2017 WL 4005621 (N.D.N.Y. Sept. 11, 2017) (Suddaby, C.J.) (finding no error in the ALJ's choice not to include limitations related to headaches because they were based solely on plaintiff's self-reports, which the ALJ found to be unsupported by the other evidence in the record). (*Id*.)  Second, Magistrate Judge Peebles found and concluded that the ALJ explained his consideration of Plaintiff's migraine headaches and relied on opinion evidence in a manner that Plaintiff has not challenged.  (*Id*.)

### B.    Plaintiff's Objections to the Report-Recommendation

Generally, in her Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following two reasons.  (Dkt. No. 17.)  First, Plaintiff argues that the Report-Recommendation erred by relying on an "inherent inconsistency" between the ALJ's Step Two findings and residual functional capacity ("RFC") determination.  (*Id*. at 1-3.)  More specifically, Plaintiff argues that Social Security Ruling ("SSR") 19-4p requires an ALJ to "consider and discuss the limiting effects of the impairments when assessing a person's RFC."

2

(*Id*. at 3-4.)  Second, Plaintiff argues that Magistrate Judge Peebles' reliance on *Lugo v. Comm'r of Soc. Sec.* is misplaced, because in that case the plaintiff's alleged headaches were not found to be severe at Step Two.  (*Id*. at 3.)

      **C.**    **Defendant's Response to Plaintiff's Objections**

Generally, in response to Plaintiff's Objections, Defendant asserts three arguments. (Dkt. No. 18.). First, Defendant argues that, because Plaintiff's Objections rehash her sole argument that her severe migraine headache impairment resulted in additional limitations that were not accounted for in ALJ's RFC determination, the Report-Recommendation is entitled to only a clear-error review.  (*Id*. at 2.)  Second, in any event, Defendant argues that, in response to Plaintiff's argument regarding SSR 19-4p, SSR 19-4 does not require an ALJ to assign any specific limitations to a claimant with a headache disorder, but recognizes that "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC."  (*Id*. at 2-3.)  Third, and finally, Defendant argues that Magistrate Judge Peebles properly relied on *Lugo*, because, as stated in the Report-Recommendation, there was no evidence in the record—including subjective reports by Plaintiff to her medical sources or medical opinion evidence—to suggest that Plaintiff required time off-task, breaks, absences, or a dark room due to headaches.  (*Id*. at 3.)

**II.**    **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary

material that could have been, but was not, presented to the magistrate judge in the first

instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have

been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ.*

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established

law that a district judge will not consider new arguments raised in objections to a magistrate

judge's report and recommendation that could have been raised before the magistrate but were

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[4]

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at \*1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at \*3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at \*4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein and for the reasons stated in Defendant's response to Plaintiff's Objections. *See, supra,* Part I.C. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge David E. Peebles's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated:  August 9, 2023
           Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).